UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ELERO HENDRIX
also known as Elroy Hendrix,

                Petitioner,

     v.

SUPT. CALVIN WEST,

                Respondent.

DECISION & ORDER

04-CV-6086L

---

On March 4, 2004, petitioner filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1). The petition asserts several grounds for relief, including, that petitioner was denied his constitutional right to due process and the effective assistance of counsel, that he did not receive effective assistance of counsel and that his conviction was against the weight of the evidence. (Docket # 1). Currently before this Court is petitioner's motion to stay this action so that he may be permitted to return to state court to resolve claims that the New York State Department of Corrections is improperly calculating his sentences as successive instead of concurrent. (Docket # 15). This claim, however, is not included in the original petition, nor has petitioner filed a motion to amend his petition.

When a federal court is presented with a habeas petition containing both exhausted and unexhausted claims – a "mixed petition" – the court may in its discretion stay the pending petition for a limited period of time to permit the petitioner to return to state court to exhaust the unexhausted claims. *See Zarvela v. Artuz*, 254 F.3d 374 (2d Cir.), *cert. denied sub*

*nom. Fischer v. Zarvela*, 534 U.S. 1015 (2001).  The court's discretion, however, is not without limits.  According to the Supreme Court,

> [A] stay and abeyance should be available only in limited circumstances.  Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Moreover, even if a petitioner has good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

*Rhines v. Weber*, 544 U.S. 269, 277 (2005).

In order to grant a stay to permit a petitioner to exhaust state claims, the habeas court must be presented with a mixed petition containing both exhausted and unexhausted claims.  *See Clancy v. Phillips*, 2005 WL 1560485, *6 (S.D.N.Y. 2005) (finding stay and abeyance procedure available only when court presented with mixed petition).  In the case at bar, although petitioner requests time to exhaust his claim that the New York State Department of Corrections improperly calculated his sentence, he did not include such a claim in his petition and he has not sought leave to amend his petition.  Without such a "mixed petition" before it, the Court cannot determine whether the most appropriate course of action would be to stay the petitioner's exhausted claims to allow the opportunity to exhaust additional claims, to permit the withdrawal of the entire petition with leave to re-file a new petition in which the additional claims are raised, or merely to proceed on the original petition.  Neither can the Court determine, without reviewing a proposed amended petition, whether the unexhausted claims satisfy the criteria articulated by the Supreme Court in *Rhines v. Weber*.

Judged under this authority, petitioner's motion to stay the pending action **(Docket # 15)** is **DENIED** without prejudice at this time. Should he wish to include any as yet unexhausted claims, he should file a motion to amend his petition and to stay the proceedings, accompanied by a proposed amended petition. His motion should also demonstrate that a stay is appropriate under the standard enunciated in *Rhines*.

**IT IS SO ORDERED.**

                                             *s/Marian W. Payson*
                                             MARIAN W. PAYSON
                                             United States Magistrate Judge

Dated: Rochester, New York
         February  13 , 2008